UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ANGELA RATLIFF WAXTER        *    CIVIL ACTION NO. 24-2070
            *
            *    SECTION: "R"(1)
VERSUS                 *
            *    JUDGE SARAH S. VANCE
            *
PROGRESSIVE EXPRESS INSURANCE   *    MAGISTRATE JUDGE
COMPANY, ET AL.            *    JANIS VAN MEERVELD
*********************************** *

ORDER AND REASONS

The defendants' Motion to Compel (Rec. Doc. 41) was partially mooted when plaintiff voluntarily appeared for an independent medical examination ("IME"). Defendants' request that plaintiff pay the non-appearance fee as a sanction for failing to appear for the earlier scheduled IME remains open. Under the circumstances, the Court finds good cause to require plaintiff to pay the fee. Accordingly, the Motion to Compel (Rec. Doc. 41) is GRANTED as to the remaining issue.

Background

This lawsuit concerns an automobile accident. There is no dispute that the IME at issue here—with Dr. Deepak Awasthi—was appropriate. The parties agreed to set it without a court order. The IME was originally scheduled for January 26, 2026. The night before, plaintiff's counsel unilaterally cancelled it due to cold weather conditions and concerns regarding travel. No cancellation or rescheduling fee was charged by Dr. Awasthi. The IME was rescheduled for February 3, 2026, at 4:00 p.m. with the agreement of plaintiff's counsel. Plaintiff's counsel reports[1] that he sent the appointment information to his client on January 27, 2026. He checked in with her at 1:02 p.m. on February 3, 2026, to remind her of the 4:00 p.m. appointment. According to

_____

[1] The story that follows comes from plaintiff's brief and not from an affidavit or any documentation.

1

plaintiff's counsel, she advised that she mistakenly believed the appointment was scheduled for Thursday, February 5, 2026. It appears plaintiff's counsel did not notify either defense counsel or Dr. Awasthi of this mix-up at that time.

At approximately 4:30 p.m., defense counsel contacted plaintiff's counsel to notify him that plaintiff had not yet appeared for the appointment. Plaintiff's counsel contacted his client, who advised that she was still at work and she was attempting to leave and travel to the appointment. She told her counsel that she had independently contacted Dr. Awasthi's office to determine if he could remain available for her late arrival. The office stated he would wait until approximately 5:05 p.m. At 5:10 p.m., she had left work but had not yet arrived at the examination location.

According to defense counsel, Dr. Awasthi waited at his office until 5:10 p.m. Dr. Awasthi required prepayment of a rescheduling fee of $3,500 to secure a new appointment time of February 9, 2026. Plaintiff's counsel agreed by email that plaintiff would attend on that date. Concerned that plaintiff might again fail to appear, defendant filed a motion to compel on February 6, 2026, seeking an order compelling plaintiff to appear for the IME and ordering that plaintiff be ordered to pay all rescheduling/no-show fees incurred by defendants due to plaintiff's prior failure to appear. Before the motion could be resolved, plaintiff appeared for her IME as scheduled. Only the request for fees remains live.

Law and Analysis

1. *Sanctions and Cost Shifting*

Pursuant to Federal Rule of Civil Procedure 35, the Court may order a physical or mental examination of a party by a suitably licensed or certified examiner when the party's physical or mental condition is in controversy. Fed. R. Civ. Proc. 35(a)(1). This rule does not provide for fee

shifting. Rule 26(c)(1)(B), though, authorizes the Court to issue an order allocating expenses upon a finding of good cause.

Rule 37 authorizes the Court to issue sanctions if a party fails to comply with an order to appear for an IME under Rule 35(a). Here, though, no order requiring plaintiff's attendance had been issued at the time she failed to appear.  Nonetheless, "the court has inherent authority to sanction abuses of the judicial process." Chambers v. NASCO, Inc., 501 U.S. 32, 44–45 (1991); see Nat. Gas Pipeline Co. of Am. v. Energy Gathering, Inc., 2 F.3d 1397, 1407–08 (5th Cir. 1993).

   *2. Analysis*

Defendants argue that plaintiff should be required to pay the fee assessed by Dr. Awasthi's office because she failed to appear for her IME on the agreed date. Plaintiff argues the fee should not be assessed to her because she was not in bad faith. She missed the appointment due to a misunderstanding regarding the date of the examination. She points out that she attempted to rectify the situation by contacting Dr. Awasthi's office and traveling to the appointment immediately after work.

Although the defendants seem to question the veracity of plaintiff's assertions because they are not supported by evidence, the Court finds no reason to doubt that the failure to appear on February 3 was due to a misunderstanding. Nonetheless, at the time the misunderstanding was discovered around 1 p.m., it may have been possible to reschedule the appointment with less inconvenience to the doctor and his staff. There was also still time to contact defense counsel to come up with a solution together. Instead, it appears that plaintiff attempted to meet the appointment time, yet she failed to leave work until well after the appointment was supposed to have started. This is entirely unreasonable. Moreover, as a result of her own requests to Dr. Awasthi's office, the physician stayed late. Yet plaintiff failed to arrive even then—over an hour

after the appointment was scheduled to begin. Dr. Awasthi then required a rescheduling fee of $3,500 before allowing defendant to schedule the appointment for the third time. While plaintiff may not have been in bad faith, her actions on that day were negligent, if not reckless. Critically, there is no indication that defendant bears any responsibility for the fee at all.  Nor should Dr. Awasthi absorb the loss, particularly after plaintiff's first appointment was cancelled with little notice, and he stayed late for nothing for the second.

Under the circumstances, the Court finds good cause to require plaintiff to pay the rescheduling fee charged by Dr. Awasthi's office. Of course, to the extent Dr. Awasthi credited any of this fee towards the cost of examination, plaintiff would not be required to pay it.

Conclusion

For the foregoing reasons, the Motion to Compel (Rec. Doc. 41) is GRANTED as to the remaining issue of the rescheduling fee. Defendants shall certify in writing to the plaintiff whether any of the rescheduling fee was credited towards the examination fee. Plaintiff shall reimburse defendants for the fee charged (less any credits) within 30 days of receipt of the certification.

New Orleans, Louisiana, this 1st day of June, 2026.

_____
Janis van Meerveld
United States Magistrate Judge

4